(No. 40874.-

*In re* Caesarei Marsh, Respondent.—(The People of the State of Illinois, Appellee, *vs.* Caesarei Marsh, Appellant.)

*Opinion filed May 29, 1968.*

Ward, J., took no part.

ALAN H. SILVERMAN, of Chicago, (LEE E. TEITEL-BAUM, of counsel,) appointed by the court, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and RICHARD A. RINELLA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This appeal challenges the correctness of certain factual findings made by the circuit court of Cook County in a delinquency proceeding under the Illinois Juvenile Court Act. (Ill. Rev. Stat. 1967, chap. 37, par. 701—1 et seq.) It also presents, in light of In re Application of Gault, 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428, questions concerning the constitutional rights of a respondent in such proceeding; specifically, whether he has the right to invoke the fourth amendment's bar against the admission of illegally seized evidence and whether he is entitled, upon showing of indigency, to a free transcript of the record for appeal purposes.

On May 3, 1967, a delinquency petition was filed charging respondent, Caesarei Marsh, age sixteen, with violating the terms of his probation in that he knowingly concealed on his person a "22 cal. zip gun and 13 live shells" in violation of State law. (Ill. Rev. Stat. 1965, chap. 38, par. 24—1(a)(4).) Respondent, represented by counsel, filed a written motion to suppress the gun and shells, which was denied following an evidentiary hearing. An adjudicatory hearing was had on the petition, resulting in the finding that respondent had violated his probation and committing him to the custody of the Illinois Youth Commission. Respondent made a written post-hearing motion, accompanied by his mother's affidavit of indigency, requesting that the

court furnish him a free transcript of proceedings. This motion was denied but a transcript was provided by a legal aid group and respondent instituted the present appeal, contending that certain findings of the juvenile court were erroneous and denied him his constitutional rights.

Since an evidentiary hearing consistent with constitutional standards was held on the admissibility of the seized items here, the issue of the applicability of the fourth amendment to juvenile court proceedings is not, in a strict sense, before us. The State does not now, nor did it in the trial court contest its application. However, for purposes of eliminating uncertainty in future cases, we have considered this issue and hold that the exclusionary rules required by the fourth amendment's prohibition against illegal search and seizures are applicable to proceedings under the Juvenile Court Act. Accordingly, we turn to a consideration of the legality of the search and seizure in the present case.

Respondent was arrested on May 1, 1967, at approximately 10:00 P.M., as he emerged from a gangway of a building at 4640 S. Lake Park Avenue, Chicago, Illinois, in the company of 15 to 17 youths. The arresting officer had been summoned to the area by police radio calls reporting that gun shots were being fired at this address and he arrived at the scene in time to observe the youths leaving the gangway. Upon seeing the patrol car, the youths, with the exception of respondent, started to run and the officer got out of his car and drew his pistol. At the hearing on the motion to suppress, the arresting officer testified that as he emerged from his car, respondent also started to run but stopped upon his command to halt. He stated that he then observed the impression of a gun in respondent's pocket with his resultant search yielding the "zip gun" and shells in question. At the later hearing on the delinquency petition, the officer repeated his testimony but stated that respondent stopped running of his own accord and not in response to his command.

The general rule in search and seizure cases is that a search is reasonable if made incident to an arrest (*People* v. *Durr,* 28 Ill.2d 308), and that probable cause must exist for arrest. In *People* v. *McCrimmon,* 37 Ill.2d 40, 43, it was stated: " 'Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge, and of which he had reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense had been committed, and that the person arrested is guilty. [Citations.]' * * * '[While] mere suspicion, common rumor or report do not afford probable cause for arrest [citations], yet, at the same time, reasonable cause means something less than evidence which would result in a conviction, and it is also established that reasonable cause may be founded upon evidence that would not be admissible at trial. [Citations.]' Whether probable cause exists depends upon the totality of the facts and circumstances in a given case. [Citations.]"

In the instant case, the officer proceeded to an address where gunshots had been reported and his arrival caused a group of youths to flee in all directions. When he emerged from his patrol car, respondent, who had been standing at the exact location mentioned in the report, also began to run. Police officers are responsible for acting like reasonable men, not legal technicians. (*Brinegar* v. *United States,* 338 U.S. 160, 175, 93 L. Ed. 1879, 69 S. Ct. 1302.) Under these circumstances, the officer's arrest of respondent was a reasonable and prudent reaction to facts indicating that the respondent was connected with the shooting. Consequently, we hold that the search here was made incident to a lawful arrest and that therefore the motion to suppress was properly denied.

Respondent next maintains that the State failed to meet its burden of proof at the adjudication hearing by not showing that the zip gun seized from his person was capable of

firing. Without passing on what must be shown to constitute proof that an object is a firearm within the meaning of the statute (Ill. Rev. Stat. 1965, chap. 38, par. 24—1(a)(4),) we reject this contention because the record indicates that counsel for respondent stipulated to an opinion of the State's ballistics expert that the gun was capable of firing.

Finally, respondent contends that the juvenile court's denial of his motion for a free transcript of proceedings deprived him of equal protection of the laws as guaranteed by the Federal constitution. As previously noted, a transcript has been provided him for use in this appeal, making this contention in a technical sense moot. But due to the general importance of this issue, we feel constrained to consider it at this time.

The refusal of the trial judge to order that free transcripts be furnished was based upon Rule 607(b) of the rules of this court which provides: "In all cases in which the defendant is convicted of a felony * * * the defendant may petition the court in which he was convicted for a report of proceedings at his trial" and that if the defendant is indigent it shall be furnished to him without charge. Although no question of respondent's indigency is presented, the State urges that a free transcript should not be furnished because the violation of State law involved is only a misdemeanor (Ill. Rev. Stat. 1967, chap. 38, par. 24—1); *viz.,* if an adult had committed this offense, under Rule 607(b) he would not be entitled to a free transcript. As we held in *In re Boykin,* 39 Ill.2d 617, "the line between a felony and a misdemeanor cannot be applied to proceedings under the Juvenile Court Act, because regardless of the quality of the immediate offense that produces the adjudication of delinquency a juvenile may be received in custody until he attains his majority. The appropriate analogy therefore in all juvenile cases is to the felony rather than to the misdemeanor. We have adopted Rule 661 to reflect this fact."

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.