THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RALPH MONCRIEF, Defendant-Appellant.

(No. 70-42;

Third District—April 6, 1971.

James A. Wurbs, of Rock Island, for appellant.

James N. DeWulf, State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Ralph Moncrief was prosecuted by information for the crime of unlawful possession of a narcotic drug commonly known as marijuana on May 27, 1969. Defendant had waived indictment. Defendant thereafter filed a motion and petition in support of his motion to suppress evidence prior to trial on the theory that the evidence to be used against him had been illegally seized. After a hearing on the motion, the court denied the motion to suppress and the case proceeded to trial without a jury. Defendant was found guilty and he thereafter filed a petition for probation which was granted. Defendant was given two years probation, with the first 60 days to be served in the Rock Island County Jail. Defendant has appealed to this court from the finding of guilty on the probation order. The only issue raised on appeal was the action of the court in denying defendant's motion to suppress the evidence.

The evidence, at the hearing on the motion to suppress, disclosed that defendant went to the Quad-Cities Airport near Rock Island on May 27, 1969, and purchased a round-trip ticket to Peoria, Illinois, on Ozark Airlines. He checked two large suitcases as baggage. His ticket was for a return trip from Peoria to Quad-Cities after a 20 minute lay-over in Peoria. A Mr. Wood who was the Ozark Airlines ticket agent notified his supervisor of the incident, since he felt it was unusual that defendant would only be in Peoria for 20 minutes and had suitcases with him. Mr. Wood testified that his supervisor became concerned over the possibility of a bomb in one of the suitcases. The supervisor then opened defendant's suitcases at the Quad-Cities Airport and found therein two large white packages, one of which was ripped open and had the appearance of cigaret tobacco. The airline personnel felt that the package contained marijuana and notified the Sheriff's department. A deputy sheriff came to the airport, and according to Wood's testimony, he inspected defendant's suitcases which the supervisor had opened.

Defendant testified that while he was walking from the airline ticket desk to the waiting area he was arrested by a deputy sheriff of Rock Island County who showed him no warrant for his arrest or any search warrant. Defendant was then taken into custody where he observed the suitcases which had been in his possession in an open condition. No per-

mission had been given to open the suitcases. Defendant testified further that the suitcases had been dropped at his house earlier in the morning by a person he knew but whose name he did not recall. Defendant stated that although he checked the suitcases in at the Ozark counter they were not his personal suitcases and that he was to deliver them to the other party in Peoria. Defendant also testified that the first time he observed the officer searching the suitcases was after he was under arrest and at the police station.

The narrow issue before this court is whether the trial court improperly denied the motion to suppress evidence. In determining such issue, it must be first determined that the deputy sheriff who arrested the defendant had reasonable grounds for his belief that defendant was guilty of a crime when he arrested the defendant. Neither the officer who made the arrest nor the airline official who called the sheriff's office and talked with the deputy sheriff who made the arrest, testified in the cause.

Defendant in this case was arrested without a warrant. It is clear that if the arrest of defendant was valid then the material seized from the person of defendant at the time of the arrest could be admitted into evidence. As a result, the primary question becomes whether the trial judge was correct in finding that the arrest of defendant without a warrant was valid. This determination also must be made with reference to the issue as to whether the motion to suppress the evidence was improperly denied.

The test for determining whether an arrest without a warrant is valid is outlined in *People v. Wright*, 41 Ill.2d 170, 173–4, where the court says:

"It is well established that a search without a warrant is reasonable and valid if it is incident to a lawful arrest and there is no requirement that the arrest be under the authority of an arrest warrant. (*Ker v. California*, 374 U.S. 23, 41, 83 S.Ct. 1623, 10 L.Ed.2d 726.) In turn, the validity of an arrest without a warrant depends upon whether the officers had reasonable cause to believe that an offense had been committed and that the defendant had committed it. (*People v. Jones*, 16 Ill.2d 569, 573.) The test is not whether there is sufficient evidence to convict the arrested person, but probable cause exists for arrest where a reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense. (*People v. Hightower*, 20 Ill.2d 361, 366.) In deciding the question in a particular case, courts deal with probabilities and are not disposed to be unduly technical."

If the evidence would support a showing of probable cause for the arrest, the denial of the motion to suppress could be approved.

■■ At the hearing on the motion to suppress, the burden of proving that the search and seizure was unlawful was on the defendant. (1969 Illinois Revised Statutes, ch. 38 par. 114–12(b)). At the hearing on the motion to suppress the evidence, however, a defendant may shift the burden of proving the validity of the arrest to the State when the defendant shows he was doing nothing unusual when he was arrested and makes a *prima facie* case that the police lacked probable cause. In such event, the burden of going forward with the evidence to negate it shifts to the State (*People v. Cassell,* 101 Ill.App.2d 279, 243 N.E.2d 363). In the case before us, defendant showed that when he was arrested he was merely walking around in the airport terminal and not performing any actions which indicated that he was violating any law. In the *Cassell* case, similarly, defendant was browsing about the record department of a store and was stopped by a police officer who showed no warrant. Defendant showed in that case, that, at the time he was stopped, he had neither created a disturbance nor had he committed any crimes. Eventually, the officer searched defendant's person and found a tear-gas pencil. It was held that the tear-gas pencil should have been suppressed as the State failed to establish probable cause for the arrest and the burden of proof was on the State.

■■ In the cause before us, the burden of showing that the arresting officer had probable cause likewise shifted to the State. On the basis of the record before us, we have noted that the officer who made the arrest did not testify. Therefore, there was no direct evidence from such officer as to what he knew or was told about the suspected crime or defendant's involvement in such suspected crime when he made the arrest. The airline official, who was the supervisor of Mr. Wood who had sold the ticket to defendant, apparently informed a deputy about the facts of the case and may have shown the deputy who made the arrest the defendant's suitcases. These facts were not, however, established by the evidence. The supervisor did not testify, so there is no showing of what he told the arresting officer about the suspected crime or defendant's involvement in it. The only witness to testify for the State as to the facts showing that the deputy sheriff had probable grounds for the arrest was Mr. Wood, the Ozark Airline ticket agent who sold the defendant his ticket. His testimony was simply to the effect that he saw the opened suitcases, which had been opened by his supervisor, and that a deputy sheriff came to the airport at the request of his supervisor and inspected the suitcases. He did not testify as to any information that was given to the deputy sheriff about defendant's involvement or even to verify the fact that the deputy sheriff was told that the suitcases had been in defendant's possession. There was no evidence that the deputy sheriff who came to observe the suitcases was the one who

made the arrest. On the basis of the record, therefore, the State failed to show that the arresting officer had probable cause for the arrest without a warrant. The motion to suppress, therefore, should have been allowed.

In *People v. Wright,* 41 Ill.2d 170, cited by the State as authority for the principle that police officers may observe what is opened before their eyes and act upon what they observe, the police officers observed gambling by looking in a window and then went in without a warrant and made an arrest. This was proper. In the instant case, there was evidence that a deputy observed open suitcases which were at the airport. There was no evidence that the officer observed the defendant in possession of the suitcases and there was also no evidence to show that the officer was informed to whom the suitcases belonged or who had possession of the suitcases or any of the circumstances surrounding their discovery. In *Wolf Low v. U.S.,* 391 F.2d 61, cited by the State, defendant had purchased a one-way ticket from Los Angeles to Las Vegas and checked two suitcases as baggage. The ticket agent became suspicious, opened the baggage and found contraband. The authorities were called and inspected the contents. The fact that it was not clear whether the suitcases were opened by airline personnel or by the authorities was not considered significant, since the court permitted the airline to turn over to the government the fruits of the search of defendant's suitcases in that case. The contraband was seized by authorities and defendant was arrested in Las Vegas later the same day. The court approved the procedure. Similarly, in the instant case the contents of the suitcases, if observed by the police who were advised that defendant had been in possession of them, could have justified an arrest. The *Low* case, however, does not solve the problem which is present in the cause before us. The question which must be determined is whether there was a lawful arrest of the defendant in this cause. The arrest was made without a warrant. All the evidence disclosed was that suitcases which had been in possession of defendant were opened at the airport and that material which might have been marijuana was observed in the suitcases. Thereafter, defendant was arrested by a deputy sheriff who was not shown to have been informed as to defendant's previous possession or even to observe the suitcases.

We are unable to discern from the evidence heard on the motion to suppress a basis for probable cause for making the arrest, in absence of testimony of the arresting officer or of the person who talked to the arresting officer to advise such officer of the basis for making the arrest.

■■ On the basis of the record in this cause, therefore, we must conclude that the State failed to discharge the burden which had been imposed upon it, after a showing that defendant was not committing any crime at

the time of the arrest. The State failed to show facts or circumstances justifying the validity of the arrest of defendant. Under the circumstances, the motion to suppress the evidence should have been allowed by the trial court.

This cause will, therefore, be reversed and remanded to the Circuit Court of Rock Island County with directions to vacate the order denying the motion to suppress the evidence, and to enter an order suppressing said evidence, and for such further proceedings in this cause, as a consequence thereof, as may be required in the trial court.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.