134

The People of the State of Illinois, Plaintiff-Appellee, v. Johnnie Hinkle, Defendant-Appellant.

(No. 71-223; ▮▮▮)

Fifth District—November 1, 1974.

Robert E. Farrell and Timothy F. Flynn, both of State Appellate Defender's Office, and Antoinette G. Kirsch, Research Assistant, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Joseph B. McDonnell, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Johnnie Hinkle, was convicted of burglary after a jury trial in St. Clair County and was sentenced to serve not less than 3 and not more than 10 years in the penitentiary. We reverse.

A house located in East St. Louis was burglarized. The house was apparently entered by breaking a window in the front door, close to the

doorknob. Four fingerprints were discovered on the glass remaining in the window, one on the inside and three outside. Defendant was subsequently arrested without a warrant.

■■■ Defendant-appellant contends that a card bearing his fingerprints taken shortly after arrest was improperly admitted into evidence. The arrest was made by an East St. Louis detective in an alley near the scene of the burglary 2 days after the burglary. The officer's testimony in no way reveals the basis for the arrest. According to the State's brief, one witness, Max Foreman, purportedly would have established cause for the arrest. However, a motion to strike was entered by defendant and the testimony was stricken. The State argues that defendant moved to strike because Foreman was not listed as a witness and that defendant is now somehow charged with the failure in proof of probable cause. The record reveals no warrant, no probable cause for arrest and no indication of the nature of Foreman's proposed testimony. The Supreme Court of the United States in *Davis v. Mississippi*, 394 U.S. 721, 22 L.Ed.2d 676, 89 S.Ct. 1394 (1969), reversed the conviction of a defendant based largely on fingerprint comparison where defendant's prints had been taken while defendant was detained both before and after arrest where the arrest was supported neither by warrant or probable cause. The court made it clear that the taking of fingerprints is within and controlled by fourth- and fourteenth-amendment restrictions on search and seizure. The State here attempts to distinguish *Davis*, since the police here used no dragnet tactics. However, the clear thrust of *Davis* militates against this view. It is the taking from the person without warrant or probable cause that invalidates the evidence. The First District has stated that under *Davis*, once the fingerprint evidence is objected to, it is necessary that a showing of compliance with fourth-amendment restrictions be made in order to have the prints admitted. (*People v. Chambers*, 127 Ill.App.2d 215, 262 N.E.2d 170.) The State has not attempted to refute this position. Instead, the State contends that since defendant moved to have "probable cause" testimony stricken, he cannot now claim error. In *People v. Moncrief*, 131 Ill.App.2d 770, 268 N.E.2d 717, the court held that while the burden of showing unlawful search and seizure is on the defendant, the burden shifts to the State to prove valid arrest where evidence of probable cause is lacking. In *Moncrief* the arresting officer did not testify at the suppression hearing and the defendant testified that he was merely walking around an airport when apprehended. The record in the instant case reflects an oral motion to suppress physical evidence but no suppression hearing, although a prior motion is alluded to in defendant's post-trial motion. Defendant cites as error the trial court's failure to grant defendant's motion to suppress. Also contained therein are references to a

"tipster," perhaps Foreman. None of this evidence is contained of record. It seems absurd to charge the defendant with the proper exclusion of a witness who might prove probable cause against him. The burden on the State is to prove compliance with the fourth amendment. No such showing was made here. Rather, the State argues that since defendant successfully excluded testimony allegedly tending to show probable cause, defendant is in no position to complain of lack of probable cause leading to his arrest. A defendant's constitutional rights should not be jeopardized because he exercises his constitutional right to conduct a defense.

Judgment reversed.

CARTER and CREBS, JJ., concur.