THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL TALLEY, Defendant-Appellant.

(No. 61480;

First District (1st Division)—December 1, 1975.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and John T. Theis, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Michael Talley was found guilty after a bench trial of the crimes of unlawful use of a weapon and unlawful possession of a firearm and ammunition. (Ill. Rev. Stat. 1973, ch. 38, pars. 24—1(a)(10) and 83—2.) He was sentenced to a term of six months in the House of Corrections on each charge, the sentences to run concurrently. Defendant appeals contending that the court erred in denying defendant's motion to suppress the evidence.

The evidence presented at the hearing on the defendant's motion to suppress the evidence consisted entirely of the testimony of the arresting officer, Chicago Police Officer Metroyer. Officer Metroyer testified that on October 31, 1974, at approximately 10 p.m., he observed the defendant and a second man standing near a building at 1555 North Dearborn in Chicago. On direct examination by defendant's counsel, the officer testified that he did not have an arrest warrant or search warrant for either of the individuals, and he did not observe them violating the law. However, on cross-examination by the prosecution, the officer testified that his attention was drawn to the defendant because the defendant and his companion "fitted the description of two individuals that was [sic] wanted in a home invasion in the 1400 block of Dearborn."

The defense immediately objected to this answer, arguing that the statement was merely the officer's conclusion, and that no details of the description had been presented. The court overruled the defense's objection. Testimony regarding what the description of the home invaders consisted of was not presented at the trial. The officer then testified that this home invasion had taken place on October 28, 1974; three days prior to the defendant's arrest, approximately a block from the location of the defendant's arrest. On redirect, the officer testified that he had found out about this home invasion through a "flash message" he had heard on October 28, 1974.

The officer testified that on the day of the defendant's arrest he approached the defendant and his companion and announced that he was a police officer. He then searched the defendant's person and retrieved a .357 magnum loaded with three magnum shells. Following this, he placed the defendant under arrest. After hearing this testimony, the court denied the defendant's motion to suppress the evidence.

The defendant's sole contention on appeal is that the court erred in denying the defendant's motion to suppress the evidence. Defendant argues that once it has been shown that the officer did not have a warrant for the defendant's arrest, and the officer did not observe the defendant violating any law, it was incumbent upon prosecution to show that the officer had reasonable grounds for the search. The officer's state-

ment alone that the defendant fit the description of a home invader, defendant argues, failed to establish such reasonable grounds.

■■ The arresting officer testified at the hearing that he did not have a warrant for the defendant's arrest or for a search of his person and that he did not observe the defendant violating any law. While the burden of proof that a search is unlawful rests with a defendant moving to suppress the evidence, a defendant may meet that burden by establishing a *prima facie* case in showing that the officer conducting the search did not have an arrest or search warrant and that the officer did not observe the defendant doing anything unusual. Once the defendant has established such a *prima facie* case showing an unlawful search, the burden of going forward with the evidence is shifted to the prosecution to show that the officer had reasonable grounds for the search. (*People v. King*, 12 Ill.App.3d 355, 298 N.E.2d 715; *People v. Moncrief*, 131 Ill.App.2d 770, 268 N.E.2d 717; *People v. Cassell*, 101 Ill.App.2d 279, 243 N.E.2d 363.) The testimony at the hearing to suppress clearly established that the burden of going forward with the evidence had shifted to the prosecution. The remaining question is whether the prosecution met this burden.

The State contends that the officer who made the search had probable cause to arrest the defendant and therefore the search was proper, being a search incident to a lawful arrest. The State argues that the officer had probable cause to believe that the defendant was one of the home invaders he had heard about in a police report three days prior.

In Illinois, an officer may arrest a person when that officer has reasonable grounds to believe that the person has committed an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2(c).) However, the reasonable grounds for an arrest do not exist unless the arresting officer has knowledge of facts or circumstances from reliable sources which would warrant a man of reasonable caution in believing the person to be arrested has committed an offense. *People v. Higgins*, 50 Ill.2d 221, 278 N.E.2d 68; *In re Marsh*, 40 Ill.2d 53, 237 N.E.2d 259; *People v. Bates*, 9 Ill.App.3d 882, 293 N.E.2d 358.

■■ Whether an arresting officer had knowledge of such facts and circumstances and whether the facts and circumstances warranted a reasonable belief that the person to be arrested had committed an offense are questions for the court to ultimately decide. A court may not rely solely upon an arresting officer's subjective good faith, but must be presented with the objective facts upon which the arresting officer acted. (*Beck v. Ohio*, 379 U.S. 89, 13 L.Ed.2d 142, 85 S.Ct. 223.) The principles announced in *Beck* that objective facts rather than an arresting officer's subjective conclusions be presented to the court in determining whether

there was probable cause for an arrest apply to cases where an officer merely stops a suspect for temporary questioning. *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868.

In the instant case the testimony established that the officer had heard about a home invasion three days before the defendant's arrest which took place approximately one block from where the defendant was arrested. The officer then testified that the defendant and his companion "fitted the description" of the two persons wanted for that home invasion. There was no testimony concerning the source of the description or any details of the description.

The facts in the instant case closely parallel the facts in the recent case of *People v. Moorhead*, 17 Ill.App.3d 521, 308 N.E.2d 381. In *Moorhead*, the arresting officer testified that he was looking for a man who had robbed a cleaning store in the area an hour before. He then observed the defendant who "fit the general description of that man" carrying a sweater over his arm as on the way to a cleaning establishment. The officer told the defendant to stop, and he complied. The defendant then reached into his rear pocket while holding the sweater in front of him in a "covering" manner. The officer twice asked the defendant to remove his hand from his pocket, but the defendant refused. The officer thereupon forcibly removed the defendant's hand from his pocket which revealed a package containing packets of white powder later found to be heroin.

In *Moorhead*, the issue before this court was determined to be not the stricter test of whether the officer had probable cause for an arrest, but rather whether the officer possessed facts which reasonably warranted his action in stopping the defendant for temporary questioning. (Ill. Rev. Stat. 1973, ch. 38, par. 107—14.) This court held, in accordance with the *Terry* case (*Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868), that to justify such a stop the police officer must be able to set forth specific facts which, taken together with rational inferences, would reasonably justify such an intrusion. It was found in *Moorhead* that the testimony by the arresting officer that the defendant "fit the general description" of a robbery suspect was insufficient to uphold a stop for temporary questioning where there was no information provided as to the general description.

In the instant case we also have only the testimony that the defendant and his companion "fitted the description" of the offenders. Despite the fact that the defense in an objection pointed to the lack of any testimony regarding the description of the offenders, the prosecution made no effort to bring out testimony on the particulars of the description. The trial court was not presented with any objective facts

upon which it could base a decision. It was only presented with the officer's subjective conclusion that the defendant and his companion "fitted the description" of the two offenders. In absence of any testimony concerning the nature of the description of these two offenders, the court had no way of determining whether the descriptions were sufficiently accurate to give the officer probable cause for an arrest or whether they were so general or inaccurate as to provide no grounds for probable cause. The burden of coming forward with evidence that the search was proper had shifted to the prosecution in the instant case. We are of the opinion that the prosecution failed to show that the search of the defendant was proper where the arresting officer merely testified that the defendant fit the description of an offender being sought while providing no testimony as to the nature of that description.

There was some discussion in the briefs as to whether the search was incident to an arrest or whether it grew out of a stop for temporary questioning. (See Ill. Rev. Stat. 1973, ch. 38, par. 107—14.) It is doubtful that this incident could be characterized as a stop for temporary questioning because the officer never testified that he intended to merely question the defendant or that he in fact asked the defendant any questions. We only have testimony that he believed the defendant fit the description of a home invader, that the officer approached the defendant and announced that he was a police officer, that he searched the defendant finding a gun, and that he placed the defendant under arrest. Whether this case involves a stop for temporary questioning or an arrest does not affect the outcome. The principle that the prosecution must present the court with the facts relied upon by the officer conducting the search and not merely present the officer's subjective conclusion that the defendant was the person sought for an offense applies to temporary stops for questioning as well as arrests. *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868; *People v. Moorhead*, 17 Ill.App.3d 521, 308 N.E.2d 381.

Finding that the search of the defendant was improper, we are of the opinion that the court erred in not granting the defendant's motion to suppress the evidence. Since it is clear that the prosecution would lack the evidence to seek a conviction without the evidence seized in the search, the judgement is reversed.

Judgment reversed.

GOLDBERG and SIMON, JJ., concur.