360 A.2d 737
**COMMONWEALTH of Pennsylvania**
v.
**Oscar PURNELL, Appellant.**

Superior Court of Pennsylvania.
June 28, 1976.

John W. Packel, Asst. Public Defender, Chief, Appeals Div., Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

On July 19, 1974, at approximately 10:40 p. m., two Philadelphia Police Officers observed appellant, Oscar Purnell, and three companions enter a Gino's fast food chain restaurant located at Lancaster and Girard Avenues in Philadelphia. The officers testified that, prior to entering, the four men "looked around and up and down Lancaster Avenue."

After the four entered the restaurant, they spread out along the front window, facing the cashiers. Appellant and one of his companions placed their hands in their jacket pockets. The four men remained inside the restaurant for approximately two minutes, and then left without making any purchases. This is a total summary of the testimony of the police officers as to their observa-

tions. The officers agreed that they had observed no criminal activity.

Appellant and the others were stopped by the police officers as they were walking away from the restaurant. The four men told the officers that they were going to a party. The officers patted down the men and found a loaded .38 caliber revolver on appellant. Appellant did not have a permit for the revolver, and was arrested for violation of the Pennsylvania Uniform Firearms Act.[1]

Appellant filed a motion to suppress the evidence, which motion was denied on September 27, 1974. The municipal court based its ruling upon the following summation by Judge Margiotti:

"I believe that a hold-up was on its way and ·the officer acted properly. It is a high crime area, it's late at night and four men go into a restaurant, standing at the window and place their hand in their pockets, do nothing and walk out. The officer did have a right to make the inquiry. Your motion to suppress is denied." (Suppression Hearing p. 11)

On October 8, 1974, appellant was found guilty, in municipal court, of carrying a firearm without a license [2] and carrying a firearm on public streets or public property in Philadelphia,[3] and sentenced to two concurrent sentences of three years probation. A Petition for Writ of Certiorari to the court of common pleas solely on the issue of the denial of the suppression motion was denied on December 10, 1974. The order of the court of common pleas denying certiorari was timely appealed to this court.

Our review of the record convinces us that the evidence against appellant was obtained as a result of an illegal stop and search and should have been suppressed. We will, therefore, reverse the order of the court of common

1. 18 Pa.C.S. § 6101 *et seq.*
2. 18 Pa.C.S. § 6106.
3. 18 Pa.C.S. § 6108.

pleas and remand the case to the municipal court for a new trial without the illegally obtained evidence.

The Supreme Court of the United States in the landmark case of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), held that a police officer does have a limited right to conduct a stop and frisk of a person on the street under conditions which do not give rise to sufficient probable cause to arrest.

"We merely hold today that where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him. Such a search is a reasonable search under the Fourth Amendment, and any weapons seized may properly be introduced in evidence against the person from whom they were taken." 392 U.S. at 30–31, 88 S.Ct. at 1884.

This position has also been stated by the courts of this Commonwealth. In *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969), our supreme court held

"that for such a precautionary seizure and search to be legitimate, there must first exist on the part of the police a reasonable belief that criminal activity is afoot and that the seized person is armed and dangerous. The police must prove that specific conduct of the seized person, observed by them, justified and made reasonable their belief that criminal activity was afoot

and that the seized person was armed and dangerous." 434 Pa. at 160, 253 A.2d at 280.

The question thus confronting the courts is what conduct by an individual will justify such a search by a police officer.

Under the facts as present in the case at bar, we must conclude that there is not enough to raise a reasonable belief that appellant was involved in criminal activity.[4] The Commonwealth seeks to establish the requisite circumstances by pointing out that (1) the area was a high crime area; (2) it was late in the evening; and (3) fast food restaurants were frequently held up. These factors alone do not establish a situation wherein it would be reasonable to conclude that criminal activity may have been afoot. There must be some specific conduct on the part of the seized person sufficient initially to arouse the interest of the police.

However, appellant did nothing more than walk into a restaurant with three companions, place his hands in his pockets, and walk out a short time later without making a purchase. This is not such conduct which indicates criminal activity may be afoot.

The order of the court of common pleas is reversed and the case is remanded to the municipal court for a new trial without the illegally obtained evidence.

JACOBS and VAN der VOORT, JJ., dissent.

4. *See Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973); *Commonwealth v. Pollard*, 450 Pa. 138, 299 A.2d 233 (1973); *Commonwealth v. Meadows*, 222 Pa.Super. 202, 293 A.2d 365 (1972). *Contra, Commonwealth v. Nastari*, 232 Pa.Super. 405, 335 A.2d 468 (1975); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974).