444 A.2d 717

**COMMONWEALTH of Pennsylvania**

v.

**Curtis BEDSAUL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1981.

Filed April 16, 1982.

Howard Gallagher, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and BECK, JJ.

HESTER, Judge:

Officer Kruczaj, a Chester County police officer, was summoned via the radio dispatch to investigate the presence of the appellant in the women's dormitory at Widencr College. The appellant entered the dormitory without authority, invitation or privilege. The officer did not, at first, arrest the appellant because no serious criminal activity seemed to be afoot. Instead, he agreed to drive the appel-

lant to his home, especially since the latter appeared intoxicated and had no vehicle nearby. Before allowing the appellant to sit in the patrol car, Officer Kruczaj patted his outer clothing. The pat-down disclosed a small plastic vial containing pills and a hypodermic syringe. As a result, the appellant was tried and convicted for violating the provisions of The Controlled Substance, Drug, Device and Cosmetic Act. Pa.Stat.Ann. title 35, § 780–113. This appeal was filed from his sentence of 18 months' probation.

■ The appellant asserts, first, that he was not tried within 180 days of the filing of criminal charges; therefore, the provisions of Pa.R.Crim.P. 1100(a)(2) were violated. The appellant was free on bail pending disposition of the criminal charges. He failed to appear for trial. Subsection (d)(1) of Rule 1100 excludes that time period from the 180-day calculation during which the defendant renders himself unavailable at any stage of the proceedings. By excluding the period of time during which the appellant was unavailable, there was no violation of the 180-day rule.

The appellant's second argument is rejected as well. He maintains that the vial and syringe were taken from him in violation of the search and seizure principles of the Fourth Amendment. Conversely, Officer Kruczaj wanted to make certain that the appellant possessed no dangerous weapons before permitting him to enter the back seat of the patrol car.

■ Warrantless searches are permissible where the officer observes the suspicious nature of the individual's behavior and reasonably concludes that the individual may be contemplating the commission of a crime and may be carrying a dangerous weapon. *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969). However, a person's behavior must arouse more than suspicion before a warrantless search not incident to a lawful arrest is permitted. *Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970). The appellant was found by Officer Kruczaj in the rear of the girl's dormitory at Widener College in a stupefied condition. It is inconceiv-

able that the appellant went to the dormitory for the purpose of conducting a gentlemanly visit; his presence was rightfully feared by the young women and justifiably viewed by Officer Kruczaj with caution and apprehension. Appellant had no cause or reason to be in that building. The mere act of arriving at the dormitory without invitation and in a dazed condition was alarming enough and provided sufficient cause to reasonably infer that criminal activity was afoot. Moreover, we do not believe that the law prohibits the warrantless search of an individual whose actions were stopped short of all criminal behavior and who requested transportation in a police vehicle. Although no arrest was made, Officer Kruczaj acted reasonably when assuming that the appellant may well have entered the patrol car with a concealed deadly weapon.

We must support officers who act swiftly, justly and with compassion. Where an accused suffers no prejudice, the law should not require an officer to delay effective crime prevention. Furthermore, the officer's consent to transport the appellant home was a compassionate act that shielded the appellant from criminal punishment and prevented harm to innocent parties. Certainly such competent police supervision should be encouraged with laws that assure the safety of the officer.

Judgment of sentence affirmed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I dissent because the search of appellant's person was illegal and violative of his Fourth Amendment rights. The evidence in question was obtained from him as a result of a "stop and frisk." The officers contend that they patted down appellant's outer clothing and then searched him as a safety precaution before admitting him into their car.

At the suppression hearing, Officer Kruczaj testified that he and his partner received a radio dispatch that there was a man in the women's dormitory at Widener College who

appeared to be intoxicated. They found him in what the officer termed "a dazed state." They questioned him, found nothing to arouse their suspicion and asked him if he had a vehicle in which to return home. He replied that he owned no vehicle and requested a ride home. Before appellant was permitted into the police car and without his consent, he was frisked. A small plastic vial containing pills and a hypodermic syringe were removed from his clothing.

There are only two justifications that may be offered to sustain a search in a case of this type: (1) the search was incident to a lawful arrest; that is, the officers had probable cause to believe that appellant had committed or was about to commit a crime,* and (2) the existence of specific facts leading to the belief that appellant was armed and dangerous. There was testimony at the suppression hearing that appellant was searched because the officers were concerned for their own safety, and that the search represented standard police practice before giving any civilian a ride. There was no testimony, however, articulating facts supporting a belief that appellant was armed and dangerous.

*Commonwealth v. Hicks*, 434 Pa. 153, 158–159, 253 A.2d 276, 279 (1969), the seminal Pennsylvania case, is instructive on permissible search:

> First, a seizure and search ... is reasonable and legitimate if the police officer has probable cause to arrest, i.e., if at the inception of the seizure he has knowledge of sufficient facts and circumstances, gained through trustworthy information, to warrant a prudent man in the belief that the person seized has committed, is committing or is about to commit a crime. Second, even if probable cause to arrest is absent, the police officer may still legitimately seize a person ... and conduct a limited search of the individual's outer clothing in an attempt to discover the presence of weapons which might be used to endanger the safety of the police officers and others, *if*

---

* Although the officers may have had probable cause to arrest the appellant for criminal trespass, the record indicates that they did not intend to do so and that the search was not in any way connected with the appellant's trespass onto the Widener College campus.

the police officer observes unusual and suspicious conduct on the part of the individual seized which leads him reasonably to conclude that criminal activity may be afoot and that the person with whom he is dealing may be armed and dangerous.

(Emphasis in original.) (Footnote omitted.) *See Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

In addressing the suppression issue, the trial court relied on *Commonwealth v. Stratton*, 231 Pa.Super. 91, 331 A.2d 741 (1974). That reliance was misplaced. Under the *Stratton* rationale, a search to discover weapons is justified only if the officer reasonably concludes that criminal activity may be afoot and that the suspect is armed and dangerous:

[T]he police officers must be able to articulate facts which aroused their suspicion and a mere allegation that a suspect engaged in "suspicious" conduct is not sufficient to justify a "stop and frisk."

*Id.*, 231 Pa.Superior Ct. at 94–95, 331 A.2d at 742. *See Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970); *Commonwealth v. King*, 247 Pa.Super. 443, 372 A.2d 908 (1977); *Commonwealth v. Purnell*, 241 Pa.Super. 230, 360 A.2d 737 (1976); *Harvey Appeal*, 222 Pa.Super. 222, 295 A.2d 93 (1972).

Police officers find themselves in perilous situations every working day of their lives. In the instant case, the court recognizes the dilemma facing the officers: whether to transport an apparently intoxicated civilian and face a personal safety risk or whether to leave him in the area possibly to commit mischief. The officers could have resolved that dilemma by asking appellant to consent to a limited frisk before giving him a ride. They failed to ascertain such a consent. Under the clear mandate of the law they were not justified in frisking him without it.

I would reverse judgment of sentence.