## Commonwealth v. Sumey

*James Fox, assistant district attorney,* for the Commonwealth.

*Louis J. Kober II,* for defendant.

ACKERMAN, *J.,* May 1, 1992—After conducting an evidentiary hearing on April 30, 1992, the court enters the following

## FINDINGS OF FACT

(1) On September 5, 1991, at 9:41 p.m., Patrolman Albert Rivardo of the Jeannette Police Department observed, while on patrol, an automobile with two male occupants parked off of Orange Avenue.

(2) Patrolman Rivardo pulled in behind the parked vehicle, noted the license number, and called the number in on his police radio to run a registration check upon the vehicle.

(3) Patrol Rivardo then asked if the occupants of the vehicle were having car trouble, and they responded, saying that they were looking for a way out of Jeannette.

(4) The registration check requested by Patrolman Rivardo revealed that the vehicle was not currently registered, and when the officer confronted the driver, William Swank, with this information, he admitted that he had purchased the July 1992 registration sticker that appeared on the license plate illegally.

(5) Patrolman Rivardo then placed Mr. Swank under arrest for violation of that section of the Motor Vehicle Code dealing with altered and forged documents, and requested him to exit the car and to empty his pockets, which resulted in the disclosure of cigarette papers and marijuana.

(6) Mr. Swank then consented to a search of the vehicle which proved negative.

(7) After Mr. Swank was placed in the patrol car by Patrolman Rivardo, Patrolman Richard O'Neal who

had arrived to assist Patrolman Rivardo, asked the defendant, Joseph Sumey, who was the passenger in the vehicle to exit the car.

(8) Patrolman O'Neal asked the defendant if he minded emptying his pockets and placing the contents of the same on the car. After this, the officer asked the defendant if he minded being patted down. To both requests the defendant replied affirmatively. The pat down resulted in the discovery of a small lump in the defendant's jeans, which turned out to be a pellet of rock cocaine wrapped in paper.

(9) Patrolman O'Neal stated reason for searching the defendant was that they found marijuana on the driver, and that the car was in a "high drug area."

## CONCLUSIONS OF LAW

(1) The police lacked probable cause to conduct a warrantless search of the passenger's person.

(2) The passenger's acquiescence to the officer's request to search his person did not amount to voluntary consent.

(3) The search of the passenger was unreasonable and violative of both the Fourth Amendment of the U.S. Constitution and Article I §8 of the Pennsylvania Constitution.

## DISCUSSION

The issue before the court concerns the right of the police to search a passenger in an automobile after the arrest of its driver. Because the evidence presented fails to support either probable cause to conduct a warrantless search of the passenger or voluntary consent, the passenger's motion to suppress the evidence procured from his person will be sustained.

The driver of the car was placed under arrest for having a forged or altered registration sticker on his license plate. The police then, incident to the driver's arrest, searched his person and found marijuana. After the vehicle was searched with negative results pursuant to the driver's consent, and after the driver had been placed inside the patrol car, the police asked the passenger if he minded emptying his pockets and he agreed, and then submitted to a pat down of his person which disclosed a small lump in his jeans, which was a piece of rock cocaine. On the existing evidence, I find that the search of the passenger was illegal.

It is a basic principle that a search conducted without a warrant issued upon probable cause is "per se unreasonable ... subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1976); *Coolidge v. New Hampshire,* 403 U.S. 454-5, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Chambers v. Maroney,* 399 U.S. 42, 51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

In *Commonwealth v. Stagliano,* 273 Pa. Super. 237, 417 A.2d 627 (1979), the court held that the lawful arrest of the operator of a motor vehicle does not give rise to probable cause to search a passenger where there is no evidence that the passenger was either involved in the criminal activity which led to the operator's arrest, or that he was a confederate of the operator. *Stagliano* is controlling authority in the present case. The Commonwealth offered no evidence to prove that the police had reason to believe that the passenger was involved in any criminal acts or that he was a confederate of the operator. All that the police knew about the passenger was that he was in the car in a "high drug area." The presence in a high crime area does not provide the police with probable cause to conduct a warrantless search of

one's person. *Commonwealth v. Purnell,* 241 Pa. Super. 230, 360 A.2d 737 (1976). In this case, the police had no reason to believe that the passenger was even aware of the contraband in the driver's pockets, and there was no odor or appearance to the interior of the vehicle that would suggest the drugs had been used. In fact, there was no specific conduct on the part of the passenger which the police could articulate which would have led them to believe that he possessed either evidence of a crime or weapons that would have justified their warrantless search.

The police contend that the passenger consented to the search of his pockets and person, but the evidence presented by the Commonwealth did not go beyond proving that the passenger simply acquiesced to the request of the police, which standing alone, as it does, can never be equated with voluntary consent. *Commonwealth v. Burgos,* 223 Pa. Super. 325, 299 A.2d 34 (1972). Since the passenger had just witnessed the police search the driver and place him in the patrol car, it cannot be said that their request to him was free of coercion. As to consent, the *Burgos* court said:

"'Consent must be freely given to be effective.' This means there must be a *total* absence of coercion, expressed or implied.... Mere acquiescence in the orders, suggestions or requests of the police can never be equated with consent. Thus, a finding of voluntary consent can never rest solely on the fact that an accused did some consensual act or gave permission to the police to search, but is a question of fact which must be decided in light of the circumstances attending the alleged consent." *Id.* at 329-330, 299 A.2d at 37. (citations omitted)

Since the search of the passenger rests neither upon valid consent or probable cause, the results of the search are not admissible evidence.

## ORDER OF COURT

And now, May 1, 1992, the defendant's motion to suppress evidence is granted and the contraband seized from the defendant by the police on September 5, 1991, is not admissible in evidence.