IN RE MORRIS ET AL.
IN RE LANAM.
THE STATE OF OHIO v. POWELL.
THE STATE OF OHIO v. WILLIAMS.

[Cite as In re Morris (1971), 29 Ohio Misc. 71.]

(Nos. J10197, J10198, J10199, A10788, A10789—
Decided October 19, 1971.)

Common Pleas Court, Juvenile Division of Columbiana County. Decision on Motion to Suppress Evidence.

*Mr. George A. Aronson, Mr. Ben H. Berman, Mr. William Telzrow* and *Mr. Delmar T. O'Hara.*

TOBIN, J. The court rules that the constitutional amendment on unlawful searches and seizures does apply to the adults and therefore must meet the law as expressed by the Supreme Court of the United States and Ohio, on the question of illegal searches and seizures.

Coming now to the most important question: does the constitutional amendment against unlawful searches and seizures, apply to the three juveniles, Morris, Lanam and Powell? The Juvenile Act provides that a child cannot commit a crime, but can only become a delinquent child or an unruly child or a traffic violator. The Juvenile Act also states, and has been ruled on many times, to be a civil action. All the quotations made here were based on the adult criminal code. The criminal provisions of the code does not apply to juveniles and the court so rules. How-

ever, the court in cases of *In re: Gault* (1966), 387 U. S. 1, and more particularly in the case of *In re: Winship*, 25 Law Ed. 2d, Page 370, ruled that a child must be found to have committed the act for which he is charged, beyond a reasonable doubt; *In re Gault* laid down laws for the protection of the Constitution for juveniles. Recently also, the Supreme Court ruled, however, that a juvenile was not entitled to a trial by jury. However, after some consideration, the court feels that the language used in *In re Winship*, 25 Law Ed. 2d, Page 376, stating that protection of proof beyond a reasonable doubt, would not destroy the beneficial aspects of the juvenile prospects. In applying this reasoning and the reasoning of the Supreme Court of the United States, in the various aspects of juveniles, the court finds that while the criminal statutes of Ohio do not apply in any juvenile case, yet in the language of the Supreme Court, *In re Winship*, certain essential due processes safe guards afforded those adults charged with a crime, should also apply to juveniles. The court feels that in those instances, the child should be afforded the reasonable protection without at the same time, applying necessary criminal statutes of the state of Ohio.

Therefore, the court rules that the matter of unlawful searches and seizures under the Fourth Amendment of the Consititution of the United States, would apply to the juveniles. Specifically, however, the court denies number one, at this time, since there is no evidence before this court about any of the statements, oral or written, of the children or of the adults charged herein and therefore, has no evidence to rule upon. This would develop, if it does at all, during the course of the trial. As to number two, the court has laid down general principles that any physical evidence to be used as evidence, must be that which is derived legally and in conformity with the Fourth Amendment of the Constitution of the United States. However, at this time, the court cannot suppress any evidence because there has been no testimony on this matter.

On number three, the court feels and rules that the burden of proving the unlawful searches and seizures is

upon those who filed the motion to suppress such evidence. Therefore, the court will set the 4th day of November, 1971, at 1:00 p. m. to permit the adult defendants and the alleged juvenile offenders to present such evidence as they may have. At that time, the court will rule whether the evidence will be suppressed or not.

Matter continued to November 4, 1971, at 1:00 p. m.