No. 80–5058. David Levell W. v. California. Ct. App. Cal., 2d App. Dist. Certiorari denied.

Justice Marshall, dissenting.

Petitioner, a 13-year-old minor, was taken from his home to a police station for questioning by police officers who had neither an arrest warrant nor probable cause for his arrest. The court below held that there was no violation of petitioner's constitutional rights because the officers acted on instructions from his mother. Because I believe the case presents an important question concerning a parent's authority to waive her minor child's right under the Fourth and Fourteenth Amendments to be free from "unreasonable seizures," I dissent from denial of the petition for a writ of certiorari.

I

On March 8, 1979, an investigator with the Los Angeles Police Department told two of his subordinates that he had been in contact with a mother about one of her children who allegedly had been involved in a burglary. He told the officers that the mother had agreed to bring the minor to the police station the previous day but had failed to do so, and he instructed the officers to go to the woman's house and find out when she would bring her son to the station.

At the house, the officers were invited into a bedroom where they saw petitioner's mother lying in bed. The officers informed her of the reason for their visit and asked why she had not brought her son to the police station the previous day as she had promised. Petitioner's mother explained that her car had broken down, and when the officers asked her if

she could bring the boy in that day, she told them that her car was still not working. The officers next inquired where her son was. The mother pointed to petitioner, who was lying in another bed in the same room, and told him to wake up. The officers then asked her when she would be able to bring her son in and she replied: "Well, you officers are here. You can take him down." She told the officers that she had been having trouble with her son and wanted to know if he had been involved in a burglary so she could notify his probation officer. She then told petitioner to get out of bed and get dressed because the officers were waiting for him. Petitioner dressed and left the house with the officers, who placed him in handcuffs before driving him to the police station. At the station, petitioner was given the warnings required by *Miranda* v. *Arizona,* 384 U. S. 436 (1966). He indicated that he understood them, waived his rights, and confessed to the burglary.[1]

A petition was filed against petitioner in juvenile court charging him with burglary in violation of § 459 of the Cal. Penal Code Ann. (West Supp. 1980). Petitioner filed a motion to suppress the confession he made at the police station as the fruit of an illegal arrest. At the combined suppression and adjudication hearing, the State conceded that the police officers had neither an arrest warrant nor probable cause to arrest petitioner at the time he was taken to the station for questioning. Nonetheless, the court denied the suppression motion and relied on the confession in sustaining the charge against petitioner. At the dispositional hearing, the court ordered that petitioner be removed from the custody of his mother. Physical confinement was set at a maximum period of two years.

---

[1] This statement of facts is from the opinion of the court below which was originally published at 103 Cal. App. 3d 469 (1980) (advance sheets) and included as petitioner's appendix to his petition for certiorari before this Court. On July 18, 1980, the California Supreme Court ordered that the opinion not be published in the official California Appellate Reports.

On appeal, a divided California Court of Appeal affirmed the judgment of the juvenile court. The majority found no proof that petitioner had agreed to accompany the officers to the station. But relying on California cases that had "recognized and acknowledged the supervisorial authority and control of parents over their children," [2] the majority held that petitioner's constitutional rights were not violated because both petitioner and the police officers complied with his mother's request that he be taken to the station for questioning.[3] The Supreme Court of California denied a petition for a hearing without opinion.[4]

## II

If petitioner had been five years older when the arrest occurred, there would be no question that the judgment below must be reversed. In *Dunaway* v. *New York,* 442 U. S. 200, 216 (1979), we held that "detention for custodial interrogation—regardless of its label—intrudes so severely on interests protected by the Fourth Amendment as necessarily to trigger the traditional safeguards against illegal arrests." Here, the court below specifically found that petitioner did not personally consent to accompany the officers to the station.[5] The officers did not ask petitioner if he was willing to accompany them to the station. And the officers did not believe that petitioner was accompanying them voluntarily, for they placed him in handcuffs to prevent him escaping en route to the station. Moreover, as respondent concedes, the officers had neither a warrant nor probable cause to arrest petitioner

---

[2] App. to Pet. for Cert. 6.

[3] On this issue, the dissenting judge argued that the police officers violated petitioner's constitutional right by detaining him for custodial interrogation at a time when they had neither a warrant nor probable cause for his arrest. *Id.,* at 15–20 (Jefferson, J., dissenting).

[4] Two judges of that court indicated that they would have granted the petition for a hearing.

[5] *Id.,* at 5.

when they took him to the station for questioning. If he were an adult, petitioner's subsequent confession would have to be suppressed as the fruit of an illegal arrest. *Wong Sun* v. *United States,* 371 U. S. 471 (1963).[6]

The court below reached a different result solely because petitioner is a minor. Thus, the case squarely presents the question whether a constitutional violation occurred when petitioner, a minor, was taken from his home to a police station for questioning by police officers who, although they had his mother's consent to their action, had neither an arrest warrant nor probable cause for petitioner's arrest. I believe that the Court should consider this issue.

The Court has never previously considered the scope of Fourth Amendment protections when asserted by a minor.[7] Indeed, we have never attempted to define the "totality of the relationship of the juvenile and the state." *In re Gault,* 387 U. S. 1, 13 (1967). Nonetheless our cases have established that minors "are 'persons' under our Constitution . . . possessed of fundamental rights which the state must respect . . . ." *Tinker* v. *Des Moines School Dist.,* 393 U. S. 503, 511 (1969). As we explained in *Planned Parenthood of Central Missouri* v. *Danforth,* 428 U. S. 52, 74 (1976): "Constitutional rights do not mature and come into being magically only when one attains the state-defined age of maturity. Minors, as well as adults, are protected by the Constitution and possess constitutional rights."[8]

---

[6] There is no suggestion that the causal connection between petitioner's detention and his confession was broken in a manner which might purge the taint of the arrest.

[7] The Fourth Amendment is applicable to the States through the Fourteenth Amendment. *Mapp* v. *Ohio,* 367 U. S. 643 (1961).

[8] We have held that minors are entitled to constitutional protection for freedom of speech, *Tinker* v. *Des Moines School Dist.,* 393 U. S. 503 (1969); *West Virginia State Board of Education* v. *Barnette,* 319 U. S. 624 (1943), equal protection against racial discrimination, *Brown* v. *Board of Education,* 347 U. S. 483 (1954), and due process in civil proceedings, *Goss* v. *Lopez,* 419 U. S. 565 (1975).

Moreover, our cases have exhibited particular sensitivity to minors' claims to constitutional protection against deprivations of liberty by the State. Because loss of liberty is no less a deprivation for a child than for an adult, *In re Gault,* 387 U. S., at 27, we have held that a minor's right with respect to many of these claims is virtually coextensive with an adult's. Thus, we have extended the Fourteenth Amendment's guarantee against deprivation of liberty without due process of law to minors involved in juvenile proceedings. We have held that a minor facing juvenile charges is entitled to notice, counsel, and confrontation of witnesses. *Id.,* at 33, 36–37, 57. " 'Neither man nor child can be allowed to stand condemned by methods which flout constitutional requirements of due process of law.' " *Id.,* at 13, quoting with approval *Haley* v. *Ohio,* 332 U. S. 596, 601 (1948) (Douglas, J., plurality opinion). Similarly, our cases have accorded minors the right against self-incrimination, *In re Gault, supra,* protection against coerced confessions, *Gallegos* v. *Colorado,* 370 U. S. 49 (1962); *Haley* v. *Ohio, supra,* guarantees against double jeopardy, *Breed* v. *Jones,* 421 U. S. 519 (1975), and the presumption of innocence implemented by the government's burden to prove guilt beyond a reasonable doubt, *In re Winship,* 397 U. S. 358 (1970).

I believe that if the Court examined this issue, we would be hard-pressed to find reasons to distinguish these rights, which clearly apply to minors, from the Fourth Amendment right invoked by petitioner.[9] No less than due process pro-

---

[9] Many state and lower federal courts have extended Fourth Amendment guarantees to minors involved in juvenile proceedings. See, *e. g., Brown* v. *Fauntleroy,* 143 U. S. App. D. C. 116, 442 F. 2d 838 (1971); *Cooley* v. *Stone,* 134 U. S. App. D. C. 317, 414 F. 2d 1213 (1969); *In re Scott K.,* 24 Cal. 3d 395, 595 P. 2d 105 (1979); *In re Harvey,* 222 Pa. Super. 222, 229, 295 A. 2d 93, 96–97 (1972); *In re Morris,* 29 Ohio Misc. 71, 278 N. E. 2d 701 (Columbiana Cty. Common Pleas Ct. 1971); *Ciulla* v. *State,* 434 S. W. 2d 948, 950 (Tex. Civ. App. 1968); *State* v. *Lowry,* 95 N. J. Super. 307, 313–317, 230 A. 2d 907, 910–912 (1967); *In re Williams,*

tections, the guarantee against unreasonable governmental searches and seizures "defines the rights of the individual and delimits the powers which the state may exercise." *In re Gault, supra,* at 20 (footnote omitted). As the Court has stated, the Fourth Amendment protects "[t]he security of one's privacy against arbitrary intrusion by the police . . . ." *Wolf* v. *Colorado,* 338 U. S. 25, 27 (1949). Neither the court below nor respondent goes so far as to suggest that minors enjoy no protection of this personal privacy under the Fourth Amendment. Instead, respondent argues that the court below correctly held that petitioner's mother had lawful authority to instruct the police officers to take her son to the station for questioning. Respondent contends that inasmuch as petitioner's mother could have brought him to the station herself, she merely authorized the officers to do what she could have done herself.

Essential to this claim is the assumption that a parent's right to guide her child's upbringing [10] includes the authority to waive a constitutional right that the child may have.[11]

---

49 Misc. 2d 154, 169–170, 267 N. Y. S. 2d 91, 109–110 (Ulster Cty. Family Ct. 1966); *Urbasek* v. *People,* 76 Ill. App. 2d 375, 222 N. E. 2d 233 (1966).

[10] See *Wisconsin* v. *Yoder,* 406 U. S. 205, 232 (1972); *Pierce* v. *Society of Sisters,* 268 U .S. 510, 534–535 (1925).

[11] The Fourth Amendment's warrant and probable-cause requirements impose limits on the actions of the police. Respondent concedes that the police had neither a warrant nor probable cause for petitioner's detention. His mother's consent could not and did not supply the requisite probable cause or warrant. Even though petitioner's mother could have taken him to the station herself, it does not follow from this that she had the authority to waive petitioner's Fourth Amendment right and permit the police to detain him without complying with constitutional requirements.

The Supreme Court of California rejected a similar claim by the State in another case that also involved a minor's Fourth Amendment right. *In re Scott K., supra.* In that case a police officer obtained permission from a parent to search a box that belonged to his minor son. The court rejected the State's suggestion that because the father could have searched the box himself, he had the authority to permit the police to search it.

I find this assumption extremely disturbing for I see no way to cabin its implications. If a parent may, without even consulting the child, waive his constitutional rights, then the police may constitutionally coerce confessions from minors so long as the officers have the parents' consent to their action. Even more troubling, there is nothing in respondent's reasoning to preclude a juvenile court from finding a minor guilty upon proof less than beyond a reasonable doubt, as long as the parent waives that critical due process requirement. The view of parental authority advanced by respondent and adopted by the court below suggests no reason to bar these actions.

But even assuming that the view of parental authority espoused by the court below is correct, there is a major inconsistency in the court's reasoning. The court's view of parental authority rests on the supposition that petitioner was too immature to make the decision about whether to go to the station with the police officers for himself. But if that is the case, I find it hard to discern the logic of the same court's conclusion that petitioner was capable of making a knowing and intelligent waiver of his *Miranda* rights, whose application to a minor are not in doubt. Surely, if a minor in his home lacks the capacity to decide whether to accompany police officers to the station for questioning, there must be some question about the same minor's capacity to make a knowing and intelligent waiver of his rights at the police station. A coherent view, fully adopting the court's theory of a minor's incapacity, would result in the exclusion of petitioner's confession because he would be deemed incapable of waiving his *Miranda* rights. And his conviction would be reversed because it was based on the confession.[12]

---

[12] Alternatively, if petitioner is presumed capable of making a knowing and intelligent decision, as the court below assumed in connection with his waiver of his *Miranda* rights, then petitioner could object to being taken, handcuffed, to the police station. And he would here be permitted to

Because I believe that the case raises important questions that were not adequately addressed by the court below, I would grant the petition for a writ of certiorari and set the case for plenary consideration.

JUSTICE BRENNAN and JUSTICE WHITE, agreeing for the most part with JUSTICE MARSHALL's dissenting opinion, would also grant certiorari.

claim violation of the Fourth Amendment's probable-cause and warrant requirements by the police. This view is perhaps more consistent with decisions by this Court that have recognized the rights of minors faced with decisions that critically affect their own lives. See *Planned Parenthood of Central Missouri* v. *Danforth,* 428 U. S. 52 (1976) (upholding pregnant minor's right to make an abortion decision without parental consent).