ROSS, Circuit Judge.
 

 Yamaha Motor Corporation, U.S.A., and Yamaha Parts Distributors, Inc., (hereinafter collectively referred to as Yamaha) filed an adversary proceeding in bankruptcy court against Shadco, Inc. d/b/a Cycle Empire (hereinafter Shadco), the debtor, requesting relief from the automatic stay, and for adequate protection of Yamaha’s interest in certain collateral. The bankruptcy court dismissed Yamaha’s complaint, and the district court
 
 [1]
 
 affirmed the dismissal. This appeal followed. We affirm.
 

 FACTS
 

 Yamaha, a manufacturer of motorcycles, snowmobiles, and parts, franchised these items to Shadco, a motorcycle dealer, pursuant to a security agreement. Shadco had a floor plan financing arrangement with Yamaha, but sold motorcycles and snowmobiles “out of trust” and breached the security agreement in an amount in excess of $70,000.00 (pre-petition debts). Conversely, Yamaha owed Shadco an amount in excess of $30,000.00 for returned parts and inventory items and account credits (post-petition debts).
 

 In October 1982, Shadco filed a voluntary petition in bankruptcy pursuant to Chapter 11, 11 U.S.C. § 1101
 
 et seq.,
 
 remaining in possession of its property and continuing to operate its business. Yamaha brought an adversary proceeding in the bankruptcy court alleging that Shadco’s sale of property “out of trust” was a willful and malicious injury to Yamaha under Section 523(a)(6) of the Bankruptcy Code. Additionally, Yamaha alleged that it was entitled to offset its post-petition debts to Shadco against Shadco’s pre-petition debts owed to Yamaha. Finally, Yamaha demanded interest on its secured claim as an element of adequate protection.
 

 Thereafter, Yamaha and Shadco entered into a stipulation making inventory, parts, and accessories in which Yamaha claimed a security interest available for inspection by Yamaha. The stipulation also provided that Shadco would follow prescribed accounting procedures to protect Yamaha’s interest. The stipulation did not mention interest. By order of November 29, 1982, the bankruptcy court approved the stipulation.
 

 Subsequently the bankruptcy court held: (1) the language of section 523 which provides that individual debtors are not discharged for willful and malicious injuries to creditor’s property does not apply to corporate debtors; (2) pre-petition (bankruptcy) debts may not be offset by post-petition debts; (3) Yamaha must pay all post-petition funds to Shadco; and (4) the stipulation between the parties settled the adequate protection issue concerning post-petition interest, and Yamaha was not entitled to post-petition interest as a matter of law.
 

 
 *670
 
 The district court affirmed the order of the bankruptcy court. This appeal followed. ISSUES
 

 (1) Whether the language of section 523 which refers to the nondischargeability of debts of “individual debtors” applies to a corporate debtor; and
 

 (2) Whether Yamaha is entitled to post-petition interest.
 
 [2]
 

 DISCUSSION
 

 A. Dischargeability of Corporate Debt
 

 Shadco filed a plan for reorganization pursuant to Chapter 11. The statutory language pertinent to this appeal provides:
 

 § 1141. Effect of Confirmation
 

 (a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor * * * and any creditor * * * whether or not the claim or interest of such creditor * * * is impaired under the plan and whether or not such creditor * * * has accepted the plan.
 

 * * * * sk *
 

 (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—
 

 (A) discharges the debtor from any debt that arose before the date of such confirmation * * *.
 

 (2) The confirmation of a plan does not discharge an
 
 individual debtor
 
 from any debt excepted from discharge under section 523 of this title.
 

 11 U.S.C. § 1141 (emphasis added). Section 523 provides several exceptions to discharge. The exception relied upon by Yamaha states:
 

 § 523. Exceptions to discharge
 

 (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an
 
 individual debtor
 
 from any debt—
 

 # # # * # *
 

 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
 

 11 U.S.C § 523(a)(6) (emphasis added). Yamaha asserts that Shadco’s debt is not discharged because the sales “out of trust” amount to a “willful and malicious injury by the debtor.” The bankruptcy court rejected Yamaha’s position because Shadco is a corporate debtor and by its terms the exemption applies to
 
 “individual
 
 debtors.”
 

 We agree with the bankruptcy court that both the language of the statute and the case law interpreting the statute militate against applying the exemption to corporate debtors.
 
 See In re Kuempel Co.,
 
 14 B.R. 324, 325-27 (Bankr.S.D.Ohio 1981).
 
 See also In re Lucas,
 
 21 B.R. 585 (Bankr.W.D.Penn.1982). Congress clearly did not intend the term “corporate debtor” to be used interchangeably with the term “individual debtor,” as such a construction would “render meaningless employment by Congress of the term 'individual'.”
 
 Kuempel, supra,
 
 14 B.R. at 325. Accordingly, we hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors.
 

 B. Post-Petition Interest
 

 Yamaha claims that it is entitled to post-petition interest on its claim as an element of “adequate protection.” Courts that have addressed the issue of allowing interest as a part of “adequate protection” are divided on the matter.
 
 Compare In re American Mariner Industries, Inc.,
 
 734 F.2d 426, 434-35 (9th Cir.1984) (interest allowed),
 
 with In re Aegean Fare, Inc.,
 
 34 B.R. 965, 969 (Bankr.D.Mass.1983) (interest not given)
 
 and In re Alyucan Interstate Corp.,
 
 12 B.R. 803, 810 (D.Utah 1981) (rejecting equity cushion analysis). This circuit has not before addressed this issue, and we decline to do so at this time.
 

 As the bankruptcy court held “the stipulation between the parties settled the adequate protection issue raised by [Yamaha]
 
 *671
 
 in its complaint respecting * * * post-petition interest * *
 
 In re Shadco, Inc.,
 
 No. 482-00294, slip op. at 3-4 (Bankr.D.S.D. May 8, 1984). The stipulation, which is in the form of a settlement, was submitted to, and approved by, the bankruptcy court, and as such it is binding upon the parties.
 
 See Consolidated Grain and Barge Co. v. Archway Fleeting & Harbor Service, Inc.,
 
 712 F.2d 1287, 1289 (8th Cir.1983) (per curiam);
 
 Carpenters’ District Council v. Anderson,
 
 619 F.2d 776, 778 (8th Cir.1980). The stipulation as agreed to by the parties settled the adequate protection issue. There is no mention of post-petition interest in the stipulation. Yamaha was satisfied that the agreement adequately protected its interest. Accordingly, the court’s denial of Yamaha’s request for post-petition interest is affirmed.
 

 CONCLUSION
 

 We have examined the appellant’s remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is affirmed.
 

 [1]
 

 . The Honorable John B. Jones, United States District Judge for the District of South Dakota.
 

 [2]
 

 . The appellant raises additional issues which we decline to address as they are without merit, and were not presented to the district court.
 
 See Johnson v. Nordstrom-Larpenteur Agency,
 
 623 F.2d 1279, 1281 (8th Cir.),
 
 cert. denied,
 
 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980).