GRIFFIN, Justice,
for the Court:
This appeal arises out of the highly controversial and much publicized case of the Bethseda Home for Girls, a facility located in Forrest County, Mississippi, and operated by the Rev. W.B. Wills, appellant herein. Before this Court we have an Order by the Forrest County Youth Court adjudicating Rev. Wills to be in contempt of court, as well as an expanded order of permanent injunctive relief executed against the appealing party.
As error, Wills would have us determine, among other things, the legality of his home for girls, which has since undergone reorganization in addition to a change of hands. We are of the opinion that this issue is not properly before the Court, and decline to wade through this quagmire of constitutional dilemmas inappropriately assigned as error in the case at bar. It is for this Court to determine only whether the orders of the youth court are supported by statutory authority under Miss.Code Ann. §§ 43-21-101, et seq. (the Youth Court Act) and the case law thereunder.
In our purview of the record before us we find that the youth court, having properly taken jurisdiction in deciding the fate of M.I., was eminently correct in its decision. Therefore, the order of the lower court is affirmed.
BACKGROUND
The factual scenario preceding the appeal is this: sometime in early 1984, M.I., a minor resident of the home, ran away and was subsequently taken into custody by Forrest County officials. Pursuant to Miss.Code Ann. § 43-21-309 (1981), a hearing was held on March 30, 1984, to determine the status of the child.
From this hearing the special referee appointed to the case entered an order adjudicating the home to be a detention center within the meaning of the Youth Court Act, § 43-21-315 (1972), and the Rev. Wills to be its custodian at law. This order was not contested in the years following, and the *435 designation of the facility as a detention center is admitted on appeal.
The special referee ordered a due process hearing for the remainder of the minors held within the home. The order included a temporary injunction against removal of any individual from the home, and production of a list of the residents “by 8 o’clock this evening,” including the minors’ names, ages, parents’ addresses and telephone numbers.
This order, when appealed, was affirmed, and the temporary injunction was made permanent on September 24, 1984. Once again the court ordered production of a list of the residents, and this time the Rev. Wills was told to submit to the court the names of all girls entering the home after September 24 within seven (7) days of admission, “together with all documentation by which they claim said individual is lawfully held.”
Rev. Wills complied with the orders insofar as providing lists of the residents on October 4, 1984, on May 6, 1985, and on July 16, 1985.
On September 8, 1986, the State of Mississippi by and through the Forrest County Youth Court Prosecutor, filed a motion for contempt against Redemption Ranch, Inc., d/b/a Redemption Ranch and the Bethesda Home for Girls, its employees and the Rev. B.R. Wills. This motion was premised upon a failure to comply fully with the youth court’s previous orders.
On September 9, 1986, the Rev. Wills attempted to comply with the orders of the youth court; however, the list of names given to the court excluded the names of six (6) girls who had resided at the facility for longer than seven (7) days, as was stated in the September 24, 1984 order. Further, in the hearing on the motion for contempt, the court found that one hundred thirty-seven (137) minors had been removed from the state in violation of its order. Additionally, the court determined that there had been total non-compliance with its orders of documentation of the girls’ names, ages, parents’ addresses and phone numbers.
The court found the Rev. Wills to be in contempt, and expanded its previous injunction to include compliance with all regulations as contained within the interstate compact on the placement of children through the Department of Welfare of the State of Mississippi. (Said compliance entails inclusion of various state agencies, such as the State Fire Marshall, the Forrest County Health Department, and the Mississippi Department of Education, who are not parties to this action and are therefore not before this Court).
LAW
We note at the outset that placement of M.I. and the other minors in the detention center operated by the Rev. Wills subjected the girls to the jurisdiction of the youth court. The General Laws of the State of Mississippi, 1979, Chapter 506, Sec. 16, describe the Youth Court Act as one to establish youth courts; to set forth jurisdiction, procedure, personnel and other powers and duties thereof. Section 43-21-103 of the Act details its construction and purpose:
This chapter shall be liberally construed to the end that each child coming within the jurisdiction of the youth court shall receive such care, guidance and control, preferably in his own home, as will be conducive to the child’s welfare and the best interest of the state, and that when a child is removed from the control of his parents, the youth court shall secure proper care for him.
Miss.Code Ann. § 43-21-103 (Supp.1987) (emphasis added). It was, therefore, incumbent upon the court to ensure that the residents of the home received treatment in accordance with approval by the State.
The lower court in this review hearing having been established, we address next the power of the youth court to grant injunctive relief, and to cite appellant with contempt. The applicable statute here is § 43-21-153 (Supp.1981) of the Act. This reads as follows:
(1) The youth court shall have full power and authority to issue all writs and processes including injunctions nec *436 essary to the exercise of jurisdiction and to carrying out the purpose of this chapter.
(2) Any person who wilfully violates, neglects or refuses to obey, perform or comply with any order of the youth court shall be in contempt of court and punished by a fine not to exceed five hundred dollars ($500.00) or by imprisonment in jail not to exceed ninety (90) days, or by both such fine and imprisonment.
Miss.Code Ann. § 43-21-153 (1981). Clearly the youth court had the authority to issue the temporary and permanent injunctions of March 30, 1984 and September 24,1984, as well as the expanded injunctive relief of October 13,1986. While appellant claims he had no notice of the provisions included in the court’s last order, this simply is not so, and where new relief is granted, it involves agencies not parties to this action, as mentioned earlier.
Just as clearly the injunctions were not complied with, and so Wills has placed himself in contempt of court. The lower court, although citing Wills with contempt, declined to impose any punishment as is provided for under the statute. We leave the youth court’s order to stand as it is, and impose no further fine or sentence upon appellant.
In the case of In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), it was held that neither the Fourteenth Amendment nor the Bill of Rights is for adults only.
Moreover, our cases have exhibited particular sensitivity to minors’ claims to constitutional protection against deprivations of liberty by the State. Because loss of liberty is no less a deprivation for a child than for an adult, In re Gault, 387 U.S. at 27 [87 S.Ct; at 1443], we have held that a minor’s right with respect to many of these claims is virtually coextensive with an adult’s.
David Levell W. v. California, 449 U.S. 1043, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980) (Justice Marshall, dissenting).
Prior to being placed in Bethesda Home for Girls, with the extensive restrictions placed on minors therein, the girls were entitled to some form of due process. Intervention by the youth court was necessary, although certainly not as timely as it might have been.
Nonetheless, we find the youth court’s orders to be proper, and so affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.