**In re WISCONSIN BARGE LINES, INC., Debtor.**

**WISCONSIN BARGE LINES, INC. and Reidy Terminal, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 86–00016(SE).**
**Adv. No. 87–1033(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Sept. 8, 1988.

Gregory D. Willard, Carl J. Spector, St. Louis, Mo., for plaintiffs.

Frederick J. Dana, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

The District Court for the Eastern District of Missouri entered an Order on October 23, 1987 directing the Debtors to file a declaratory judgment action with this Court for a bankruptcy law determination on two issues. Subsequent to the filing of the declaratory judgment action, the Plaintiffs filed a Motion For Summary Judgment. Both parties submitted briefs on March 25, 1988 in support of their respective positions on these issues. For the reasons stated herein, this Court grants summary judgment in favor of Plaintiff because the claim asserted by the United States of America is a pre-petition debt and it is not an exception to discharge pursuant to 11 U.S.C. § 523.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), (I) and (J), which the Court may hear and determine.

### FACTS

The parties to the case stipulated to the pertinent facts in this case. Pursuant to their stipulation, this Court finds:

(1) On January 13, 1986, the Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

(2) The Debtors are corporations incorporated under the laws of the States of Wisconsin and Missouri, respectively.

(3) The United States Government filed an Information with the District Court for the Eastern District of Missouri charging Reidy Terminal, Inc. ("Reidy") and Wisconsin Barge Lines, Inc. ("WBL") with certain violations of federal environmental statutes. All the conduct alleged in the government's six-count Complaint occurred prior to the petition date.

(4) On August 14, 1987, the District Court ordered Reidy to pay a fine of $250,-000.00 pursuant to its plea of guilty with respect to the conduct alleged in Count I.

(5) On August 14, 1987, the District Court ordered WBL to pay a fine of $125,-000.00 on its plea of guilty with respect to the conduct alleged in Counts II through VI.

(6) On September 8, 1987, the Debtors filed their First Amended Joint Plan of Reorganization.

(7) On October 23, 1987, the District Court entered an Order stipulated and consented to by the parties to this action directing the Debtors to file a declaratory judgment action with this Court for a bankruptcy law determination on two issues: 1) whether the fines are pre-petition or post-petition debts, and 2) if they are pre-petition debts, whether they are dischargeable.

(8) The government withdrew its objection to the confirmation of the Plan after the entry of the District Court's October 23, 1987 Order.

(9) This Court confirmed the Plan of Reorganization on October 29, 1987.

(10) The Plaintiffs filed their Complaint For Declaratory Judgment on November 12, 1987.

(11) The Plaintiffs filed a Motion For Summary Judgment on March 25, 1988.

DISCUSSION

■ The first issue raised is whether the fines constitute debts of the respective Debtors within the meaning of 11 U.S.C. § 101(11).

The term "debt" is defined in Section 101(11) as meaning liability on a claim. 11 U.S.C. § 101(11). The term "claim" is defined in Section 101(4) as

(A) right to payment whether or not such right is reduced to judgment liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. 11 U.S.C. § 101(4).

Thus, if a fine can be a claim pursuant to 11 U.S.C. § 101(4), then it will constitute a debt pursuant to Section 101(11). Legislative history indicates Congress intended the term "claim" to have the broadest possible definition. House Report 595, 95th Cong. 2d Sess. 309 (1977), reprinted in 1978 U.S. Code Cong. & Adm.News 5787, 5963, 6266. The term "claim" broadly defined would include a fine because it is a right to a payment.

Further evidence that Congress intended fines and penalties to be debts is found in Section 523(a)(7) itself which provides in part

(a) a discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... (7) to the extent such debt is for fine, penalty or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss other than tax penalty....

Because fines, penalties, and forfeitures are made nondischargeable under Section 523(a)(7), it is indicated that they were deemed debts. There would be no need to make them nondischargeable if they were not debts to begin with. *Kelly v. Robinson*, 479 U.S. 36; 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (Marshall J., Stevens, J. dissenting). Therefore, this Court finds that the fines are debts under the Bankruptcy Code.

■ The second issue that must be decided is whether these debts occurred pre-petition or post-petition. The parties have stipulated that all of the conduct giving rise to the claims occurred before the petition date. Pursuant to 11 U.S.C. § 101(4)(A), the term "claim" as broadly defined, provides for a right to payment whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured. In terms of the legislative history of the Code which supports a broad definition of the term "claim", it has been stated "by this broadest possible definition and by the use of the term throughout the Title 11, especially in subchapter 1 of Chapter 5, the bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy. It permits the broadest possible relief in bankruptcy court." *In re A.H. Robins Company, Inc.*, 63 B.R. 986 (Bankr.E.D.Va.1986) citing H.R. Report No. 595, 95th Cong. 2d Sess. 309, reprinted in 1978 U.S.Code Cong. & Adm.News 5963, 6266. *See also*, Senate Report No. 989, 95th Cong., 2d Sess. 21–22, reprinted in 1978 U.S.Code Cong. & Adm.News, 5787, 5807–08.

The Eighth Circuit has not directly addressed the issue of what constitutes a pre-petition or post-petition debt. The majority of the other courts have held that a

right to payment, i.e., the claim in these circumstances, arises for bankruptcy purposes at the time of the act giving rise to the claim, notwithstanding that access to a court or the running of a statute of limitations may be timed from some other point. *In re Edge*, 60 B.R. 690 (Bankr.M.D.Tenn. 1986). "A right to payment arises at the time when acts giving rise to the alleged liability were performed." *In re A.H. Robins*, 63 B.R. 986 (Bankr.E.D.Va.1986) quoting *In re Johns Manville*, 57 B.R. 680 (Bankr.S.D.N.Y.1986).

The Third Circuit, however, held that the automatic stay provision of Section 362 did not apply to a state court claim for contribution or indemnification when the conduct giving rise to the suit occurred pre-petition and the state court claim for indemnity could not have been brought until the primary cause of action was filed post-petition. *In re Frenville Company, Inc.*, 744 F.2d 332 (3rd Cir.1984). The court went on to state that the question of when a right to payment arises, absent overriding federal law, is to be determined by reference to state law. *Frenville* at 337. Because a third party complaint for contribution or indemnification cannot be commenced before the defendant serves his answer in the suit brought by the plaintiff, under New York law, A and B did not have any claim based on indemnity or contribution against the Frenvilles until the banks instituted their suit against A and B, regardless of the fact that the alleged wrongdoing of the debtor occurred prior to the petition date. This position has been widely criticized by bankruptcy courts. *In re A.H. Robins*, 63 B.R. 986 (Bankr.E.D.Va.1986), *In re Yanks*, 49 B.R. 56 (Bankr.1985), *In re Johns Manville*, 57 B.R. 680 (Bankr.S.D.N. Y.1986). This view has further been criticized by the National Bankruptcy Conference, R. Mabrey and A. Jarvis, *In re Frenville: a Critique by the National Bankruptcy Conference's Committee On Claims And Distributions*, 42 Business Law 697 (1987).

This Court finds the broad definition of "claim" and the majority of case law supporting this definition dictates that the fines imposed upon the Debtors are pre-pe-tition claims because the conduct giving rise to these claims occurred before the filing of the bankruptcy petition.

■ The third issue is whether the debts are nondischargeable pursuant to Section 523(a)(7). Section 523 provides:

"(a) A discharge under Section 727 and 1141 ... of this title does not discharge an individual debtor from any debt...." 11 U.S.C. § 523.

The Plaintiff argues that the words "individual debtor" refers to non-corporate debtors. Their position is a corporation is not an individual debtor and, therefore, the provisions of Section 523(a) do not apply to this corporation. The Defendant argues that the words "individual debtor" does not mean individuals as opposed to corporations, but rather that the definition means a particular single debtor as being referred to in Section 523(a)(7) and 1141(d)(2) and not a debtor as an individual.

The Eighth Circuit has addressed this issue and found that Congress did not intend the term "corporate debtor" to be used interchangeably with the term "individual debtor". *Yamaha Motor Corporation U.S.A. v. Shadco, Inc.*, 762 F.2d 668 (8th Cir.1985). The Court ultimately stated "we hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors." *Yamaha Motor Corporation U.S.A.* at 670.

Following the Eighth Circuit's ruling in *Yamaha Motor Corporation U.S.A. v. Shadco, Inc.*, 762 F.2d 668 (8th Cir.1985), this Court finds that the exceptions to discharge enumerated in Section 523(a) do not apply to corporate debtors. Having ruled that these exceptions to discharge do not apply to individual debtors, it is not necessary to decide whether the debts in this instance are non-dischargeable fines or penalties or dischargeable debts.

This Court having found that the debts were pre-petition debts because the conduct giving rise to the claim of the United States occurred before the filing of the bankruptcy petition and further having found that Section 523(a) exception to discharge do not apply to corporate debtors, grants the

Plaintiffs' Motion For Summary Judgment and holds that the confirmation of the Plan of Reorganization discharges these pre-petition debts pursuant to Section 1141 and this Court's Confirmation Order. These pre-petition debts shall be paid as Class 8 Allowed Claims in accordance with the Plan, the Confirmation Order and the October 23, 1987 Order of the District Court.