**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3209
_____

EVETTE BOYLE,
                        Appellant

v.

PMA MEDICAL SPECIALISTS, LLC;
JOHN DOE DEFENDANTS
NOS. 1-10


_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-02492)
District Judge: Hon. C. Darnell Jones, II
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 15, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, and PORTER, <u>Circuit Judges</u>.

(Filed: January 16, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Plaintiff Evette Boyle appeals the District Court's order granting Defendant PMA Medical Specialists, LLC's ("PMA") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Boyle failed to file a "proof of claim" with the Bankruptcy Court before PMA's reorganization plan was confirmed and PMA has been discharged of debts that arose before the plan's confirmation, her lawsuit is barred. Therefore, we will affirm the order dismissing her complaint.

I[1]

Boyle filed an employment discrimination suit against PMA in the United States District Court for the Eastern District of Pennsylvania. Unbeknownst to Boyle, before she commenced her lawsuit, PMA filed for Chapter 11 bankruptcy, and the United States Bankruptcy Court for the Eastern District of Pennsylvania set a July 8, 2016 deadline for any creditors to file claims against PMA. See Fed. R. Bankr. P. 3003(c)(3). After Boyle filed her lawsuit, PMA amended its schedule of unsecured claims to include Boyle's claim as "disputed," App. 49, and served her with notice of the July 8, 2016 deadline to file a proof of claim. Boyle did not file a proof of claim.

PMA eventually served Boyle with its reorganization plan. The Bankruptcy Court thereafter confirmed the plan, and PMA moved to close the bankruptcy. Boyle did not

---

[1] We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), and may consider matters of public record, such as the items filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania, see Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

2

object to the plan or the motion to close the bankruptcy. Instead, Boyle sought relief from the automatic stay under 11 U.S.C. § 362(a)(1) that was triggered by the bankruptcy petition. The Bankruptcy Court found that while Boyle did not knowingly violate the stay when she first filed her lawsuit in District Court, she did not file a proof of claim and her request for relief from the stay was "moot" because the bankruptcy proceeding was already closed. App. 171.

Based on the Bankruptcy Court proceedings, PMA moved to dismiss Boyle's employment discrimination complaint under Rule 12(b)(6). The District Court granted the motion to dismiss, holding that her failure to file a proof of claim barred her suit and her employment discrimination claims were discharged in bankruptcy. Boyle appeals, contending that her discrimination claims are exempt from discharge in bankruptcy.[2]

## II[3]

"[O]ne of the principal purposes of bankruptcy law" is "to secure within a limited period the prompt and effectual administration and settlement of the debtor's estate." Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995). To this end, the bankruptcy rules provide a mechanism to gather creditors' claims to determine how to allocate the assets of the bankruptcy estate. Federal Rule of Bankruptcy Procedure 3003(c)(2) provides that "[a]ny creditor . . . whose claim . . . is . . . scheduled as disputed . . . shall file a proof of claim within the time prescribed by subdivision (c)(3) of this rule." Rule

---

[2] Boyle appeals only the District Court's order.
[3] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1367. We have jurisdiction under 28 U.S.C. § 1291. We review a dismissal under Rule 12(b)(6) de novo. Phillips, 515 F.3d at 230.

3

3003(c)(3), in turn, provides that the bankruptcy court sets the date "proofs of claim . . . may be filed" and may extend this deadline "for cause." Rule 3003(c)(3)'s deadline is known as the "bar date." Chemetron, 72 F.3d at 346. After the bar date, "a claimant cannot participate in the reorganization unless she establishes sufficient grounds for the failure to file a proof of claim." Id.

Because PMA listed Boyle's claim as "disputed," App. 49, and the Bankruptcy Court set a bar date of July 8, 2016, Boyle needed to file a proof of claim by that date. Id. at 344-45 ("Stated simply, under bankruptcy law, the bar claims date is the last day on which existing claims can be filed against the debtor."). Boyle did not do so. As a result, Boyle was not listed as a creditor with a claim against PMA.

Once PMA's reorganization plan was confirmed, it was discharged "from any debt that arose before the date of such confirmation . . . ."[4] 11 U.S.C. § 1141(d)(1)(A); Chemetron, 72 F.3d at 346. The discharge "operates as [a permanent] injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2); In re Germaine, 152 B.R. 619, 623 (B.A.P. 9th Cir. 1993). However, a § 1141 discharge "does not

---

[4] "The term 'debt' means liability on a claim." 11 U.S.C. § 101(12); Wright v. Corning, 679 F.3d 101, 104 n.4 (3d Cir. 2012). "Claim" is broadly defined as a "right to payment, whether or not such right is reduced to judgment," and it may be "disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5); Ohio v. Kovacs, 469 U.S. 274, 279 (1985) (observing that "Congress desired a broad definition of a 'claim'" under the Bankruptcy Code).

4

discharge an individual debtor" from debts "for willful and malicious injury" caused by the "debtor to another entity . . . ."[5]  11 U.S.C. § 523(a)(6).

Under § 1141's discharge rule, the Bankruptcy Court's confirmation of PMA's reorganization plan, permanently enjoined Boyle from pursuing her discrimination claims against PMA.  Because Boyle was not entitled to relief once the reorganization plan was confirmed, the District Court did not err in dismissing her complaint.  11 U.S.C. § 524(a); Rederford v. U.S. Airways, Inc., 589 F.3d 30, 36-37 (1st Cir. 2009) (affirming Rule 12(b)(6) dismissal of discrimination claim because it was discharged in bankruptcy).

Boyle asserts that the "willful and malicious injury" exception to the discharge rule precludes dismissal.  11 U.S.C. § 523(a)(6).  The exception does not apply.  By its terms, this exception applies to "individual debtor[s]."  Id.  PMA, however, is a corporate debtor.  See In re Spring Valley Farms, Inc., 863 F.2d 832, 834 (11th Cir. 1989) ("A corporate debtor is not an individual debtor for the purposes of Section 523."); Yamaha Motor Corp. U.S.A. v. Shadco, Inc., 762 F.2d 668, 670 (8th Cir. 1985) ("[W]e hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors.").  Thus, the "willful and malicious injury" exception to dischargeability does not save Boyle's complaint.[6]

---

[5] The § 523(a) exceptions are "liberally construed in favor of debtors."  In re Cohn, 54 F.3d 1108, 1113 (3d Cir. 1995).

[6] Because we "may affirm the district court on any ground supported by the record," Hildebrand v. Allegheny Cty., 757 F.3d 99, 104 (3d Cir. 2014) (internal quotation marks omitted), we need not address whether Boyle's complaint was void ab initio when she filed it without obtaining relief from the automatic stay, 11 U.S.C. § 362(a); Mar. Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991)

5

## III

For the foregoing reasons, we will affirm.[7]

---

(stating "[a]bsent relief from the stay, judicial actions and proceedings against the debtor are void <u>ab initio</u>.").

[7] Because there is a legal bar to Boyle's complaint, and there is no further action required by her counsel, his motion to withdraw is denied as moot.